In his complaint filed at Spring Term, 1873, the plaintiff alleges:
(1) That having been President of the N.C. Railroad (2) Company, the by-laws of that company entitled him to a free pass for life over the line of said company's road;
(2) That at the annual meeting of the stockholders of said company, held at Salisbury in July, 1869, the stockholders voted a free pass to himself and family for life;
(3) That in the year 1871, the said N.C. Railroad was leased to the *Page 14 
Richmond and Danville Railroad Company, the defendants, without authority of law, and passed into the hands of said company, which was afterwards, in July, 1872, confirmed by the stockholders of the N.C. Railroad Company, in their annual meeting at Raleigh, N.C.;
(4) That the plantiff [plaintiff] used said pass, or ticket for life, until February, 1872, when the conductors, agents of said defendants, refused to recognize it. —
(5) That in February, 1872, W. W. Davies, a conductor of a train of cars belonging to the said company, upon the line of the N.C. Railroad, an agent of the said Richmond and Danville Railroad Company, demanded of the plaintiff his fare from Raleigh to Hillsboro, to which point he intended travelling upon the cars, which the plaintiff refused to pay, and offered to exhibit to the agent Davies, the conductor, the pass aforesaid, which the conductor, the agent of the defendant refused to recognize, stopped the train and ejected the plaintiff from the cars.
(6) That shortly afterwards the plaintiff attempted to travel upon the said line of road to and from the points aforesaid, upon the pass aforesaid, — and was again ejected from the cars by conductor Spraggins, an agent of the defendant; on two several occasions he was made to pay his fare by conductor Spraggins, the agent of the defendant; on two several occasions he was made to pay his fare by conductor Spraggins, to prevent his being ejected from the train, to the great damage of the plaintiff.
Wherefore the plaintiff demands judgment for $10,000, etc.
At the same term, the defendant's attorneys, Graham 
(3) Graham, demur to the complaint, and move to dismiss the action, for the reason that the complaint does not state facts sufficient to constitute a cause of action: in that;
1st. It does not allege that the lease imposed upon the defendant any liability for contracts of the lessor;
2d. It does not allege that the defendant is a corporation, or liable to be sued;
3d. It does not allege any consideration, for the pass stated to have been given by the N.C. Railroad Company to plaintiff; it having been admitted by the attorney for the plaintiff, that no such by-laws as alleged ever existed, and said pass was nudum pactum;
4th. That no contract to transport plaintiff is alleged to have arisen against the defendant;
5th. That the allegation that the lease is without authority of law, bars the action against the defendant; *Page 15 
6th. There is no allegation that the N.C. Railroad Company is a corporation;
Upon consideration, the Court sustained the demurrer, and give judgment, as follows:
"This action coming on for hearing upon the motion of defendant's counsel to dismiss the same for want of allegations sufficient to constitute a cause of action; after argument of counsel, it appears to the Court that the motion is well founded, in that the complaint does not anywhere set forth or allege, —
1. That the lease under which the defendants hold, imposed upon them the duty of fulfilling and carrying out this, or any other contract of the lessors of the N.C. Railroad;
2. The said complaint does not anywhere allege, that the defendants are a corporation and liable to be sued under the name and style by which they are therein designated.
3. That the pass, upon which the plaintiff claims the right to transportation over the road and in the cars of the defendant, was issued for a valuable consideration.
4. That there is no allegation of any contract, express or implied, between the plaintiff and the defendant, requiring them to transport the said plaintiff over their road, or in their cars (4) without consideration.
5. The complaint alleges that the defendant was in possession of the N.C. Railroad, without authority of law; which, if true, would relieve the defendant of all liability in the premises, and remit the plaintiff to an action against the N.C. Railroad Company, to obtain his remedy. If the lease was without authority of law, it could impose no responsibility upon the lessee to fulfil the contracts of the lessors, even though expressly stipulated therein.
6. That there is no allegation that the N.C. Railroad Company is, or was a corporation or individual having power to make such contract or grant, as is set forth in the complaint.
It is therefore ordered, That the said action be dismissed, and judgment rendered against the plaintiff and his sureties for the costs thereof."
From which judgment the plaintiff appealed.
J. W. J. A. Graham, contra, argued:
1. The defendant being a foreign corporation, service should have been made on the President, Secretary or Treasurer, or by publication. Bat. Rev. 161; C. C. P. Secs. 82 and 83.
2. A delegation of powers cannot be made or accepted, without *Page 16 
authority from Parliament. A. and A. on Corporations, Sec. 256. The public may still look to the original company, as to all its obligations and duties, which grow out of its relations to the public and are created by charter, and are independent of contract, or privity between the party injured and the railway. 1 Redfield on Railways 590, and note 8; 23 Ind. Rep. 534.
3. The pass could have been revoked at any time by the N.C. Railroad Company; the lessee must have the same right. It was only gratuitous transportation. 11 Redfield on Railways, 184, and note 10. In every instance, where one takes passage with a common carrier of passengers, there is, in the absence of a special contract, one implied for safe transportation and for fare. Frink v. Schroyer, (5) 8 Ill. 416; 11 Redfield, 185, and note 10; 1 Ibid 590, 592, 611 et seq.
It is unnecessary to consider all the several grounds of demurrer stated by the defendant, as if any one of them is good, it disposes of the action.
I take the fourth ground, to-wit; That the complaint does not allege any obligation on the part of the defendant, by contract, or otherwise, to carry the plaintiff over its road free. The existence of such an obligation is a necessary part of the plaintiff's cause of action, and should have been distinctly alleged. No contract is alleged with the defendant. It may be, that it was intended to allege such an obligation, as arising out of the free pass for life, given by the stockholders of the N.C. Railroad Company, to the plaintiff. But it is not alleged that the defendant company became bound by the contracts of the North Carolina Company. If it was so bound, the free pass given by the North Carolina Company was only a license without any consideration in law, which that company could revoke at pleasure, and which it did revoke by leasing its road to the defendant. It is immaterial for the present purpose, whether the lease was a valid and lawful one or not. For even if it were not so, the defendant was actually in the possession of the road and franchises of the North Carolina Company; and the legality of its possession cannot be disputed collaterally, but only by a direct proceeding for that purpose.
There is no error. The case may be remanded on motion of plaintiff, so that he may amend, otherwise the judgment is affirmed.
PER CURIAM. Judgment affirmed. *Page 17 
(6)